## TOLMAN et al. v. CLARK COUNTY DRAINAGE DIST. et al.

### No. 4835.

Circuit Court of Appeals, Seventh Circuit.

Dec. 13, 1932.

John G. Drennan, Robert N. Erskine, Carl B. Nusbaum, J. B. Hugg, and M. Robert Sturman, all of Chicago, Ill., for appellants.

Hugh G. Haight, C. R. Sturdevant, and W. J. Rush, all of Neillsville, Wis., H. M. Perry, of Black River Falls, Wis., and C. E. Buell and Frank W. Lucas, both of Madison, Wis., for appellees.

Before EVANS and SPARKS, Circuit Judges, and JOHNSON, District Judge.

EVANS, Circuit Judge.

Appellants, residents of Illinois, brought this suit against appellees, residents of Wisconsin, to obtain an accounting and to restrain and compel action protective of their asserted rights. Federal court jurisdiction is based on diversity of citizenship and the amount involved, which exceeds $3,000.

The controverted issues arose out of the establishment of a drainage district comprising 98,000 acres of Wisconsin land located in Jackson and Clark Counties and the sale of $172,000 of 6% bonds, the proceeds of which were largely used in paying for the necessary ditch construction work, etc., in said district. Some of these bonds were purchased by appellants. There has been nothing paid on any of them for several years, and over half of those outstanding are in default. The evidence shows the venture to have been an ill-advised one, a speculative promotion reflecting on the judgment and the good faith of those who started it, and that the land, because of its location, is usable only for farm purposes and as such is well-nigh valueless; that the soil is extremely sandy and that its drainage did not materially increase its productivity or make it more valuable for farm purposes. The owners of the land included in the district have not only failed to pay, year after year, the assessments necessary to meet the bonds maturing or the interest charges, but general taxes as well have not been paid for several years. The general taxes which were delinquent at the time of the trial amounted to $124,638.82, and the delinquent drainage charges or taxes with interest at the same time aggregated $185,856.53. There were outstanding tax certificates at the time of the trial on about ninety per cent of the total acreage. On sixty-six per cent of the total acreage the general taxes had been delinquent for more than five years.

The District Court dismissed the suit because "this court cannot furnish as satisfactory relief to the complainants and other bondholders as is provided by the simple and direct remedy of sale of lands for delinquent assessments under section 89.37 (4) (d) of the Wisconsin Statutes." It, however, also made findings of fact on all the material issues in appellees' favor.

In view of the provisions of the Wisconsin drainage district laws (chapter 89, Wisconsin Statutes) as construed by the Wisconsin Supreme Court (In re Dancy Drainage District, 193 Wis. 118, 213 N. W. 885; In re Dancy Drainage District, 199 Wis. 85, 225 N. W. 873; In re Cranberry Creek Drainage District, 201 Wis. 373, 230 N. W. 59; In re Cranberry Creek Drainage District, 202 Wis. 64, 231 N. W. 588), we conclude that appellants' remedy is in the Wisconsin Circuit Court of Clark County wherein the drainage district proceedings are pending and which court has full jurisdiction over the commissioners and has power to grant all of the relief sought in this suit. That court has exclusive jurisdiction of the cause of action which appellants attempt to set forth in this suit, to-wit: an accounting by the drainage district commissioners to ascertain what moneys have been received, expended, etc.; what bonds have been issued, retired, etc.; what salaries the commissioners have received and the services they have rendered, their reasonableness, etc.; the advisability of directing said commissioners to make further assessments, as well as the propriety of restraining the taxing districts from enforcing the collection of general taxes against land in said district, etc.

A study of the Wisconsin drainage district laws leaves no doubt as to their general purposes, as well as the scheme by which those objects are to be attained. These laws provide for the establishment of a drainage district which includes land to be benefited by drainage and for the just apportionment of cost as well as the economical construction and maintenance of the drainage work in the district. The commissioners, appointed by the court, held positions in many respects similar to those of receivers or administrators who, under the direction of the court, act to promote the interests of all in the district.

In order to finance the cost of construction, bonds are, or may be, issued and assessments levied by order of the court to meet the maturing obligations. The bonds, however, are not the personal obligation of the landowner or the commissioners, but the holders thereof may look to the land only for their security.

The whole scheme of chapter 89 of the Wisconsin Statutes (section 89.01 et seq.) contemplated the submission of all questions arising out of the creation and administration of the affairs of a drainage district to the circuit court of the county wherein the proceedings were commenced and wherein part or all of the land is situated. It is true, the statute did not in express language confer *exclusive* jurisdiction upon such circuit court. Instead of saying then that the said circuit court has exclusive jurisdiction over all questions arising out of the creation or maintenance of said drainage district, it would be better to say that the said court by virtue of said statute drew to itself the exclusive right to dispose of all such questions. 7 Ruling Case Law, p. 1086. It is inconceivable that another court should attempt or be permitted to perform the duties which are clearly imposed upon the court that created the district, appointed the commissioners and authorized the issuance of the bonds. The Circuit Court of Clark County was the first court to assume jurisdiction of the subject matter and the federal district court properly refused to grant the relief sought, all of which could have been obtained, if the facts warranted it, in the Circuit Court of Clark County. Cyclopedia of Federal Procedure, §§ 34, 35.

The decree is affirmed.